## Kiefer, Administratrix v. Stewart

*Donald Doerr* and *Steven P. Simon,* for plaintiff.
*William C. Robinson,* for defendants.

DILLON, J., March 11, 1974.—Plaintiff has propounded certain interrogatories to defendant, William Stewart. Interrogatories 1, 2 and 3 pertain to liability insurance and must be answered. Interrogatories 4 and 5 seek to ascertain defendants' personal assets; interrogatory 4 being an inquiry into the ownership of

defendants' home and the encumbrances against it; interrogatory 5 propounds a question about defendants' savings and checking account, securities, other real estate and other personalty. Defendants, pursuant to Pennsylvania Rules of Civil Procedure 4004(e) and 4012(b), seek a protective order.

In Clark v. Loughrey, 56 Del. Co., 297 (1969), disclosure of personal assets was required. The following language from that case is persuasive:

"Although the defendant's net worth cannot be used at trial, knowledge of it by the plaintiffs, before trial, and a realization on the part of the defendant that it will have to be disclosed before trial, will go a long way toward realistic settlement negotiations."

On March 24, 1972, Judge Hoffman's opinion in Szarmack v. Welch, 220 Pa. Superior Ct. 407, was published. The essence of the decision is that a plaintiff in a personal injury action is entitled to pretrial discovery of existence and amount of liability insurance coverage. That was the good news. I find the bad news, for pretrial discovery of other assets, in this language from Szarmack:

"Appellant argues in the instant case that if disclosure of insurance coverage is allowed, there would be no way of preventing plaintiffs from obtaining discovery of assets and net worth of defendants. We are not persuaded by this argument. The concern for the privacy of the individual which would prevent us from opening a defendant's financial affairs to the public would not prevent us from allowing disclosure of liability insurance contracts. The insurance contract is a contingent asset only. Its existence becomes significant only when litigation requires that the insurance company stand in the place of defendant and protect his personal assets."

On the facts, counsel for plaintiff has presented a meritorious case for such discovery. But as a matter of

policy, this court intends to limit pretrial discovery of assets to liability insurance controls as authorized by Szarmack. Hence, this order.

## ORDER OF COURT

Now, March 11, 1974, in accordance with the foregoing memorandum opinion, defendant is entitled to a protective order and is excused from answering plaintiff's interrogatories 4 and 5.

Interrogatories 1, 2 and 3 must be answered within 20 days of this order.